UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-80204-Cr-Marra/McCabe

UNITED STATES OF AMERICA

    Plaintiff,

v.

JORGE PIPINO ROMERO

    Defendant.

_____/

## MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM

Mr. Romero is to be sentenced following his plea of guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and cocaine in violation of 21 U.S.C. 846 (a)(1) and one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. 841 (a)(1). We respectfully request, the Court sentence Mr. Romero to a term that is reasonable, here 180 months. In the PSR, The U.S. Probation Office finds that Mr. Romero's sentencing range is 262 to 327 months (see paragraph 143 PSR). We respectfully submit that a sentence below Mr. Romero's advisory sentencing range would be sufficient but not greater than necessary to accomplish all the purposes of sentencing in light of Mr. Romero's personal history and characteristics, including the fact that Mr. Romero plead guilty prior to the Supreme Court's decision in <u>Pulsifer v. United States</u>, 601 U.S. ____ (2024).

## PERSONAL BACKGROUND

Mr. Romero's personal and family data is set forth on pages 29 through 31 of the PSR (see paragraphs 101-141). Suffice it to say that Mr. Romero's background has been difficult with serious emotional and drug addiction issues which has underscored his criminal history.

1

## THE OFFENSE

Mr. Romero pled guilty to the two counts described above.

## THE PRE-SENTENCE REPORT (PSR)

The US Probation Office found that Mr. Romero's Guidelines imprisonment range is 262-327 months, based upon a total offense level of 34 and a criminal History Category of VI (see paragraph 143 PSR). For reasons that will be explained at sentencing and in the Defendant's objections, this guideline range although correct should be disregarded when considering his sentence.

## LETTERS

The defense will submit letter(s) received from Mr. Romero's family members, which we ask the Court to review in order to gain a more complete understanding of Mr. Romero's history and characteristics.

## SENTENCING UNDER SECTION 3553

The Court is required to impose a sentence that is "sufficient but not greater than necessary" to achieve, the purposes of sentencing set forth in Title 18, USC§ 3553 (a) (2). Thus, a Sentencing Court is to impose the shortest sentence that achieves the purposes of sentencing.

In determining a sentence, the Court shall consider the factors set forth in section 3553 (a) including:

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

2. The need for the sentence imposed:

    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

    b. To afford adequate deterrence to criminal conduct.

    c. To protect the public from further crimes of the defendant and

    d. To provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

We respectfully submit that a sentence of 180 months will accomplish all of these above factors, based upon Mr. Romero's personal history and characteristics, including the facts peculiar of this case.

## THE NATURE AND THE CIRCUMSTANCES OF THE OFFENSE

We do not mean to minimize the seriousness of the offenses to which Mr. Romero pled guilty. However, a guideline sentence in this case is too severe in view of the facts of this case and also due to the fact that the government agreed to recommend 180 months of incarceration prior to the Pulsiver decision; Supra.

## THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Romero's offense characteristics are set forth in paragraphs 101 through 141 of the PSR.

## THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE, TO AFFORD ADAQUATE DEFERENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

A sentence of 180 months would be sufficient but not greater than necessary to punish the defendant based upon the facts of this case.[1]

## THE NEED TO PROVIDE THE DEFENDANT WITH NEEDED MEDICAL CARE IN THE MOST EFFECTIVE MANNER

The defendant is 40 years old (see page 4 PSR) and suffers from serious drug addiction and emotional problems. The Court should consider these facts in recommending appropriate treatment.

## CONCLUSION

For the foregoing reasons we respectfully submit that a downward variance, as requested would result in a sentence that is "sufficient but not greater than necessary" to accomplish the statutory purpose of sentencing.

Dated: April 18, 2024.

Respectfully submitted,

**Michael B. Cohen**
Michael B. Cohen, Esq.
Florida Bar No: 210196
6400 North Andrews Ave., Ste 505

---

[1] The U.S. Probation officer accurately points out that at the time of the defendant's plea the government and defense entered into an agreement that the defendant be sentenced to 180 months' imprisonment in this case. (See paragraph 4 PSR) At the time of the defendant's plea hearing (held on February 23, 2024) both the government and defense believed that the defendant was safety valve eligible. Subsequently on March 15, 2024, the United States Supreme Court held that in cases like this one the defendant was no longer safety valve eligible (See Pulsifer v. United States, 601 U.S. ____ (Case No: 22-340 2024)). In view of this unexpected change in the law and as argued more specifically in Mr. Romero's Motion for Downward Variance Mr. Romero should receive the benefit of his expected bargain and be sentenced to a 15-year term of incarceration. Such a sentence would be in line with other defendant's similarly situated with him from the standpoint of avoiding unwanted sentencing disparities (See paragraph 153 PSR).

Fort Lauderdale, Florida 33309
Ph (954) 928-0059
Email: micheal@mcohenlaw.com
Email: eservice@mcohenlaw.com

# EXHIBIT A

 Gmail

Michael Cohen <michael@mcohenlaw.com>

## Guidance on the Supreme Court's decision in Pulsifer v. United States
2 messages

---

**Tribuiani, Rinku (USAFLS)** <Rinku.Tribuiani@usdoj.gov>  Fri, Mar 15, 2024 at 12:39 PM
To: Michael Cohen <michael@mcohenlaw.com>
Cc: "Romagnoli, Michelle M." <RomagnoliM@pbso.org>, "Martin, Corrine R." <Corrine.R.Martin@dea.gov>, "Stombock, Jilian E." <Jilian.E.Stombock@dea.gov>

Mike:

I'm sorry to be the bearer of bad news, but as of today, Romero is ineligible for safety-valve based on his criminal history. Please review the attached Supreme Court opinion and let's talk when you have time. I believe that probation will score him at 262-327 months.

Thanks

---

**From:** Matzkin, Daniel (USAFLS) <dmatzkin@usa.doj.gov>
**Sent:** Friday, March 15, 2024 12:15 PM
**To:** USAFLS-AUSAs-District (USA) <USAFLS-AUSAs-District@usa.doj.gov>
**Subject:** Guidance on the Supreme Court's decision in Pulsifer v. United States

This morning, the government prevailed in *United States v. Pulsifer* (attached), an important case narrowing the scope of safety-valve eligibility. Thanks to *Pulsifer*, we no longer have to follow the abrogated opinion from *United States v. Garcon*.

As a practical matter, this means that **all criminal AUSAs prosecuting drug cases should ensure that they apply the *Pulsifer* interpretation of the safety valve, which helps us exclude more undeserving defendants from safety-valve relief. Also, AUSAs with safety-valve issues should not rely on the current model plea agreement language**. We will update that language in the coming days.

To refresh everyone, the statutory language maintains a defendant's eligibility (subject to him also satisfying all the other conditions in 3553(f)) as long as:

   the defendant does not have—

   (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. 3553(f)(1).

Under *Pulsifer*, a defendant cannot obtain safety-valve relief if he has any of these three criminal history features. (The now-abrogated rule from *Garcon*, in contrast, required a person to have the combination of all three features to be ineligible.) Put another way, a defendant who fails *any* of those three tests is ineligible and subject to the otherwise applicable mandatory minimum sentence. If someone has a prior 3-point offense in their criminal history, for example, they cannot receive safety-valve relief, regardless of whether they meet subparagraphs (1)(A) or (1)(C).

Feel free to reach out to your appellate liaison if you have any questions concerning this decision.



22-340_3e04.pdf
475K

---

Michael Cohen <michael@mcohenlaw.com>  Fri, Mar 15, 2024 at 3:53 PM
To: Michael Cohen <michael@mcohenlaw.com>

Best,
**Michael B. Cohen, Esq.**

[Quoted text hidden]

22-340_3e04.pdf
475K